IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MORRIS,

        Petitioner,                      No. CIV S-06-1211 LKK GGH P

    vs.

EDWARD ALAMEIDA, et al.,

        Respondent.                   ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has purportedly filed a petition pursuant to 28 U.S.C. §2254.  Petitioner was convicted of first degree murder in August of 1985 and was sentenced to a term of 25 years to life.  Petition, p. 2.  Petitioner does not set forth that he is challenging any particular parole board denial and states as his only ground for bringing the petition that his due process rights under both the federal and state constitutions and his liberty interest in parole are violated because a California Department of Corrections counselor is unauthorized to assess or predict the degree of threat an inmate may pose to the general public if released.  Petition, p. 5.  He contends that there is no statutory or regulatory authority which allows for such assessments.  Id.

        As relief, petitioner asks that the CDC, now CDCR, and Board of Prison Terms (BPT) be ordered to desist from mandating that a correctional counselor predict the level of

1

threat or danger to the public an inmate would pose if released.  He asks that the statements of Correctional Counselor Macias-Gram (concerning threat level) be excised from her evaluation report, or she be directed to retract the statements, and that the BPT be ordered to delete that evaluation report from petitioner's prison files and that a new BPT hearing be held within 30 days under the guidelines he sets forth.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action."  Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303-1304 (2004) (per curiam).

" Section 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973).  Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. Ibid.  By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827."  Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004):

In Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005), the Supreme Court found that where petitioners sought relief that would "render invalid the state procedures used to deny parole eligibility ... and parole suitability....," their claims did "not fall within the implicit habeas exception."  Here, petitioner's challenge is to the constitutionality of

an alleged policy whereby the CDCR and/or BPT requires that a correctional counselor assess or predict the threat level of an inmate should he be released from confinement.  He does not challenge a particular parole decision or seek immediate release from custody.  Should petitioner be granted the relief he seeks, at most, as in Wilkinson, supra, a parole application by petitioner would receive a speedier consideration.  Therefore, the petition will be dismissed and petitioner will be granted leave to file an amended complaint, pursuant to 42 U.S.C. § 1983.

Petitioner has filed an in forma pauperis affidavit that makes the requisite showing to proceed in forma pauperis under § 1983.  See 28 U.S.C. §§ 1914(a), 1915(a).  However, petitioner may elect not to proceed in this action as the filing fee for a civil rights action ($350.00) is considerably higher than is the filing fee for a habeas petition ($5.00), and should petitioner proceed as plaintiff in forma pauperis, even though he will not be required to pay the filing fee at the outset, he will be responsible for payment of the full filing fee.

Accordingly, IT IS ORDERED that:

1. The petition is dismissed with leave granted, within 30 days, for petitioner, as plaintiff, to file an amended complaint, pursuant to 42 U.S.C. § 1983; failure to do so will result in a recommendation of dismissal of this action;

2. Should petitioner, as plaintiff, file a timely amended complaint, the court will re-consider his application to proceed in forma pauperis with respect to the filing fee due for a civil rights action; and

3. Should a timely amended complaint be filed, the Clerk of the Court will be directed to re-classify this action as one brought pursuant to 42 U.S.C. § 1983, rather than under 28 U.S.C. § 2254.

DATED:  9/26/06                                             /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
morr1211.ord

3