IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MORRIS,

        Plaintiff,                    No. CIV S-06-1211 LKK GGH P

    vs.

EDWARD ALAMEIDA, et al.,

        Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed September 27, 2006, plaintiff's purported habeas petition, pursuant to 28 U.S.C. § 2254, was dismissed with leave to file an amended complaint, pursuant to 42 U.S.C. § 1983.  Plaintiff filed an "amended" complaint, opened as a new case, because plaintiff neglected to include the case number on the complaint form.  See Order, filed on February 14, 2007.  The amended complaint has been deemed filed as of January 5, 2007.  He now seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

1

1  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28
2 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently
3 without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.
4 § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding
5 month's income credited to plaintiff's prison trust account. These payments shall be collected
6 and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
7 plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

8  The court is required to screen complaints brought by prisoners seeking relief
9 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
10 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
11 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
12 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
13 U.S.C. § 1915A(b)(1),(2).

14  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
15 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
16 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
17 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
18 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
19 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
20 Cir. 1989); Franklin, 745 F.2d at 1227.

21  A complaint, or portion thereof, should only be dismissed for failure to state a
22 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
23 of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &
24 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
25 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing
26 a complaint under this standard, the court must accept as true the allegations of the complaint in

question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Plaintiff names the following as defendants: H . Macias, P. Buch, O. F. Acuna, D.K. Butler, N. Grannis, E. Alameida. He alleges that CDCR correction counselors[1] act without authority when they assess the degree of threat an inmate may pose to the general public upon release from prison.

The "minimum requirements of due process" in the parole context have long been established by the United States Supreme Court and include notice to the inmate of the hearing, an opportunity to be heard, hearing by a 'neutral and detached' hearing body, and a written statement by the factfinders as to the evidence relied in rendering a decision. <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604 (1972). While <u>Morrissey</u> specifically addressed parole revocation hearings, the process applies to any hearings arising in the parole context and the Supreme Court emphasized that the requirements for such a hearing in no equate to the process due in a criminal prosecution but rather recognized it "is a narrow inquiry" which "should be flexible enough to consider evidence including letters, affidavits and other material that would not be admissible in an adversary criminal trial." <u>Id</u>.

Finding that California inmates have a protected liberty interest in parole eligibility matters, the Ninth Circuit has stated that due process in the context of parole suitability hearings affords prisoners entitlement "to be present at the hearing, speak and offer evidence on their own behalf," and if serving a life sentence, to counsel at the hearing. <u>Biggs v. Terhune</u>, 334 F.3d 910, 915 (9th Cir. 2003). A Board's decision to deny parole must rest on some evidence. <u>Id</u>., at 916-17. In his claim that correctional counselors are not authorized to predict the level of dangerousness of an inmate upon release on parole, plaintiff does not set forth a constitutional

---

[1] California Department of Corrections and Rehabilitation.

deprivation because he has not thereby made a showing that he has been deprived of the process that is due at a parole hearing. The amended complaint will be dismissed but plaintiff will be granted leave to amend.

Further, should plaintiff seek to amend his complaint, as to a number of defendants, Macias, Buch, Acuna, Butler, all of whom are or were employed at Folsom State Prison, the court notes that plaintiff has no basis to seek injunctive relief from them on another ground. Plaintiff has been transferred to the Correctional Training Facility at Soledad, according to his amended complaint and plaintiff's latest address of record in the court's docket. When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). Plaintiff has demonstrated no reasonable possibility that he will be incarcerated at Folsom State Prison at any predictable time in the future. Thus, defendants Macias, Buch, Acuna, and Butler are also dismissed as defendants on this separate ground.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

1 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
2 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
3 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
4 original complaint, each claim and the involvement of each defendant must be sufficiently
5 alleged.

6         In accordance with the above, IT IS HEREBY ORDERED that:

7         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
9 The fee shall be collected and paid in accordance with this court's order to the Director of the
10 California Department of Corrections and Rehabilitation filed concurrently herewith.

11         3.  The amended complaint is dismissed for the reasons discussed above, with
12 leave to file a second amended complaint within thirty days from the date of service of this order.
13 Failure to file a second amended complaint will result in a recommendation that the action be
14 dismissed.

15 DATED:  4/11/07

16         /s/ Gregory G. Hollows

17         UNITED STATES MAGISTRATE JUDGE

19 GGH:009
morr1211.bnf