1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT MORRIS,

11          Plaintiff,                    No. CIV S-06-1211 LKK GGH P

12      vs.

13   EDWARD ALAMEIDA, et al.,

14          Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  Plaintiff initially filed this action as one pursuant to 28

18   U.S.C. § 2254, alleging that his due process rights under both the federal and state constitutions

19   and his liberty interest in parole were violated because a California Department of Corrections

20   and Rehabilitation (CDCR) counselor is unauthorized to assess or predict the degree of threat an

21   inmate may pose to the general public if released and contending that there is no statutory or

22   regulatory authority which allows for such assessments.  Plaintiff, as petitioner, did not challenge

23   any particular parole denial.  As relief, he asked that the CDCR, and Board of Prison Terms (now

24   Board of Parole Hearings-BPH) be ordered to desist from mandating that a correctional

25   counselor predict the level of threat or danger to the public an inmate would pose if released.  He

26   asked that the statements of Correctional Counselor Macias-Gram (concerning threat level) be

                                          1

1  excised from her evaluation report, or she be directed to retract the statements, and that the BPH

2  be ordered to delete that evaluation report from petitioner's prison files and that a new BPH

3  hearing be held within 30 days under the guidelines he sets forth.  By order filed September 27,

4  2006, plaintiff's purported habeas petition, pursuant to 28 U.S.C. § 2254, was dismissed with

5  leave to file an amended complaint, pursuant to 42 U.S.C. § 1983.

6           Plaintiff's amended complaint, filed on January 5, 2007,[1] was dismissed with

7  leave to amend, setting forth, inter alia, the following:

8           Plaintiff names the following as defendants: H . Macias, P. Buch,
          O. F. Acuna, D.K. Butler, N. Grannis, E. Alameida.  He alleges
9           that CDCR correction counselors [] act without authority when
          they assess the degree of threat an inmate may pose to the general
10          public upon release from prison.

11          The "minimum requirements of due process" in the parole context
          have long been established by the United States Supreme Court
12          and include notice to the inmate of the hearing, an opportunity to
          be heard, hearing by a 'neutral and detached' hearing body, and a
13          written statement by the factfinders as to the evidence relied in
          rendering a decision.  Morrissey v. Brewer, 408 U.S. 471, 489,  92
14          S.Ct. 2593, 2604 (1972).  While Morrissey specifically addressed
          parole revocation hearings, the process applies to any hearings
15          arising in the parole context and the Supreme Court emphasized
          that the requirements for such a hearing in no equate to the process
16          due in a criminal prosecution but rather recognized it "is a narrow
          inquiry" which "should be flexible enough to consider evidence
17          including letters, affidavits and other material that would not be
          admissible in an adversary criminal trial."  Id.

18
          Finding that California inmates have a protected liberty interest in
19          parole eligibility matters, the Ninth Circuit has stated that due
          process in the context of parole suitability hearings affords
20          prisoners entitlement "to be present at the hearing, speak and offer
          evidence on their own behalf," and if serving a life sentence, to
21          counsel at the hearing.  Biggs v. Terhune, 334 F.3d 910, 915 (9th
          Cir. 2003).  A Board's decision to deny parole must rest on some
22          evidence.  Id., at 916-17.  In his claim that correctional counselors
          are not authorized to predict the level of dangerousness of an
23          inmate upon release on parole, plaintiff does not set forth a

24  _____

         [1] Plaintiff's amended complaint had been filed as a new case because plaintiff had failed
25  to include the case number on the filing.  The court's December 20, 2006, findings and
    recommendations recommending dismissal of the action for failure to respond to the September
26  27, 2006, order, were vacated.  See Order, filed on February 14, 2007.

1    constitutional deprivation because he has not thereby made a
     showing that he has been deprived of the process that is due at a
2    parole hearing.  The amended complaint will be dismissed but
     plaintiff will be granted leave to amend.

3

4   Order, filed on April 12, 2007, pp. 2-3.

5          Plaintiff has filed a second amended complaint wherein he seeks to reinstate this

6   action as a petition pursuant to 28 U.S.C. § 2254.  However, he continues to challenge the

7   authority of BPH and CDCR to include risk assessments by CDCR caseworkers as part of the

8   parole consideration process and does not challenge any particular parole decision.  Plaintiff has

9   been previously informed, inter alia, that:

10         In Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248
           (2005), the Supreme Court found that where petitioners sought
11         relief that would "render invalid the state procedures used to deny
           parole eligibility ... and parole suitability....," their claims did "not
12         fall within the implicit habeas exception."  Here, petitioner's
           challenge is to the constitutionality of an alleged policy whereby
13         the CDCR and/or BPT [BPH] requires that a correctional counselor
           assess or predict the threat level of an inmate should he be released
14         from confinement.  He does not challenge a particular parole
           decision or seek immediate release from custody.  Should
15         petitioner be granted the relief he seeks, at most, as in Wilkinson,
           supra, a parole application by petitioner would receive a speedier
16         consideration.  Therefore, the petition will be dismissed and
           petitioner will be granted leave to file an amended complaint,
17         pursuant to 42 U.S.C. § 1983.

18  Order, filed on September 27, 2007, pp. 2-3.

19         Further, as noted above, plaintiff had been informed that he did not set forth a

20  constitutional deprivation because he not made a showing in his first amended complaint that he

21  had been deprived of the process that is due at a parole hearing.[2]   By his second amended filing,

22  plaintiff has made it evident that he is unable to cure the defects of his complaint.  The court will

23  now recommend dismissal of this action.  Thornton v. McClatchy Newspapers, Inc., 261 F.3d

24

_____

25         [2] Plaintiff's reference in his second amended complaint to two unpublished and
    unreported decisions by a Los Angeles County Superior Court does not frame a federal due
26  process claim.

1   789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999) (Liberality

2   in granting a plaintiff leave to amend "is subject to the qualification that the amendment not

3   cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.")  "Under

4   Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can

5   possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit

6   entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific

7   Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United

8   States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no

9   request to amend the pleading was made, unless it determines that the pleading could not be

10   cured by the allegation of other facts.")

11              Accordingly, IT IS RECOMMENDED that this action be dismissed.

12              These findings and recommendations are submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14   days after being served with these findings and recommendations, plaintiff may file written

15   objections with the court.  Such a document should be captioned "Objections to Magistrate

16   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

17   within the specified time may waive the right to appeal the District Court's order. Martinez v.

18   Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   DATED:  10/23/07

                                              /s/ Gregory G. Hollows
20                                            _____
                                              UNITED STATES MAGISTRATE JUDGE
21

22

23   GGH:009
     morr1211.fr
24

25

26

4